**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| JULIAN W. FINCHER, JR., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-3839-JOF |
| GEORGIA PACIFIC, LLC, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

This matter is before the court on Plaintiff's motion for refund of filing fee [4].

Plaintiff, Julian W. Fincher, Jr., filed suit against Defendant, Georgia Pacific, LLC, alleging he was discriminated against in violation of the Uniformed Services Employment and Reemployment Rights Act ("USEERA"), 38 U.S.C. §§ 4301-4335. Plaintiff alleges he was a uniformed service member enlisted in the U.S. Navy Reserve as a pilot at the time he was hired by Defendant to be a pilot for the corporation. Plaintiff avers that his uniformed work increased in frequency and duration after September 11, 2001, and that his supervisors at Georgia Pacific became irritated with the situation. Eventually, Plaintiff was terminated on May 3, 2006, the day after he returned from a stint of eighteen days of uniformed service.

AO 72A
(Rev.8/82)

In the instant motion, Plaintiff contends he was improperly charged a $350 filing fee to file his complaint and he seeks a refund pursuant to 38 U.S.C. § 4323(h). No party has filed a response to Plaintiff's motion.

Title 38 U.S.C. § 4323(h) provides that "[n]o fees or court costs may be charged or taxed against any person claiming rights under this chapter [38 U.S.C. § 4301 *et seq.*]. In *Davis v. Advocate Health Center Patient Care Express*, 523 F.3d 681 (7th Cir. 2008), the Seventh Circuit rejected a district court's ruling that USERRA's bar against fees and costs did not encompass filing fees to initiate litigation. *Id.* at 683. The Court of Appeals based its ruling on the fact that USERRA was enacted in order to "prohibit discrimination against persons because of their service in the uniformed service," and as such the statute should be construed "liberally in favor of veterans seeking its protections." *Id.* at 683-84 (quotations and citations omitted). The court further noted that initial filing fees are plainly the type of fees contemplated, for example, by 28 U.S.C. § 1920, and therefore, the "fees" or "court costs" referred to in § 4323(h) should encompass initial filing fees. *Id.* at 684. *See also Gagnon v. Sprint Corp*, 284 F.3d 839, 845 n.1 (8th Cir. 2002) (granting USERRA appellant's motion to waive costs on appeal), *abrogated on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

Based on the plain language of the statute and the precedent cited above, the court agrees that Plaintiff is not required to pay the initial filing fee for this USERRA action.



AO 72A
(Rev.8/82)

Therefore, the court GRANTS Plaintiff's motion for refund of filing fee [4]. Because Plaintiff has already paid his filing fee to proceed in this court, the court DIRECTS the Clerk of the Court to refund to Plaintiff his initial filing fee of $350 in accordance with the instructions of his attorney to pay the refund to "Tully Rinkey P.L.L.C." and send it to counsel for Plaintiff at the address listed with the court.

**IT IS SO ORDERED** this 20th day of April 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)