# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

JULIAN W. FINCHER, JR., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-3839-JOF
GEORGIA-PACIFIC, LLC, :
:
    Defendant. :

## **ORDER**

This matter is before the court on Plaintiff's motion to dismiss his amended complaint without prejudice [21] and Plaintiff's motion to amend complaint [27].

On December 19, 2008, Plaintiff, Julian W. Fincher, Jr., filed suit against Defendant, Georgia Pacific, LLC, alleging he was discriminated against in violation of the Uniformed Services Employment and Reemployment Rights Act ("USEERA"), 38 U.S.C. §§ 4301-4335. Plaintiff alleges he was a uniformed service member enlisted in the U.S. Navy Reserve as a pilot at the time he was hired by Defendant to be a pilot for the corporation. Plaintiff avers that his uniformed work increased in frequency and duration after September 11, 2001, and that his supervisors at Georgia Pacific became irritated with the situation. Eventually, Plaintiff was terminated on May 3, 2006, the day after he returned

from a stint of eighteen days of uniformed service. Defendant answered Plaintiff's complaint on March 6, 2009.

On April 6, 2009, Plaintiff filed an amended complaint. Before Defendant answered or filed a responsive pleading to that amended complaint, Plaintiff filed the instant motion to dismiss the April 6, 2009 amended complaint without prejudice. Defendant did not file a response to that motion and the court deems it unopposed. Therefore, the court GRANTS Plaintiff's motion to dismiss his amended complaint without prejudice [21].

On May 6, 2009, Plaintiff filed an amended complaint. Plaintiff seeks to add Defendant Koch Industries, Inc., the parent company of the original Defendant, Georgia-Pacific, LLC. Plaintiff asserts that he did not learn that Georgia-Pacific is a subsidiary of Koch Industries, Inc., until after the original complaint was filed. Shortly after Plaintiff filed his motion, the parties filed a joint motion for an extension of time for Defendant to respond to Plaintiff's motion to amend. On May 19, 2009, the court granted this motion which allowed Defendant through June 10, 2009, to respond.

The date of the extension has passed and the court has received no response from Defendant. Therefore, the court deems Plaintiff's motion to amend to be unopposed. *See* LR N.D. Ga. 7.1B ("Failure to file a response shall indicate that there is no opposition to the motion."). In any event, the court will consider the merits of Plaintiff's motion.

2

AO 72A
(Rev.8/82)

In order to amend a complaint to add additional parties after a responsive pleading has been filed, a plaintiff must satisfy both the requirements of Rule 15(a) and demonstrate compliance with one of the other rules governing the addition of parties, such as Rules 19, 20, or 21. In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court held that leave to amend a complaint should be "freely given" in the absence of such factors as undue delay, bad faith or dilatory motive, or undue prejudice. *Id.* at 182; *see also* Fed. R. Civ. P. 15(a). The court finds that Plaintiff has satisfied Rule 15(a).

Under Rule 20(a) governing permissive joinder, the court finds that the allegations in Plaintiff's complaint arise out of the same series of occurrences involving his employment. *See id.* ("All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."). The court notes, however, that the granting of the motion to amend does not conclusively establish any potential liability as to Koch Industries, Inc.

The court GRANTS Plaintiff's motion to amend complaint [27].

The Clerk of the Court is DIRECTED to FILE Plaintiff's amended complaint as of the date of this order. Plaintiff is DIRECTED to SERVE the amended complaint on Koch Industries, Inc., within thirty (30) days from the date of this order.

AO 72A
(Rev.8/82)

**IT IS SO ORDERED** this 24th day of August 2009.


                                             /s J. Owen Forrester
                                             J. OWEN FORRESTER
                                   SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)